**CHI HEN HUANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–4488–ag.

United States Court of Appeals, Second Circuit.

April 26, 2007.

Joan Xie, New York, NY, for Petitioner.

David E. Nahmias, United States Attorney for the Northern District of Georgia, Sharon D. Stokes, Assistant United Sates Attorney, Atlanta, GA, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Chi Hen Huang, a native and citizen of Taiwan, seeks review of the August 31, 2006 order of the BIA denying his motion to reopen. *In re Chi Hen Huang,* No. A97 133 208 (B.I.A. Aug. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

As an initial matter, we note that Huang has come close to waiving any challenge to the BIA's denial of his motion, by challenging primarily the underlying denial of asylum in his brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005) (arguments insufficiently developed in petitioners' briefs are deemed waived). The BIA's May 2006 affirmance of the IJ's denial of asylum and its August 2006 denial of Huang's motion to reopen constitute two separate final orders, each of which requires a separate petition for review, and Huang never filed a petition for review of the former decision. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Because the government has construed Huang's statements acknowledging the BIA's August 2006 decision as a challenge to that decision, we will construe them likewise, and address only the limited question of whether the BIA abused its discretion in denying

Huang's motion. *See Kaur*, 413 F.3d at 233.

We find no abuse of discretion, because the BIA reasonably found that the evidence Huang submitted with his motion to reopen was not material. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). As the BIA noted, Huang had the burden of proving that, at the time of his arrival in the United States, he was "clearly and beyond doubt" entitled to be admitted. *See* 8 U.S.C. § 1229a(c)(2)(A). At his hearing, the IJ found that Huang was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), because he did not have a valid visa or other document authorizing him to enter the United States. The BIA reasonably found that Huang's submission of his Taiwanese travel document, indicating that he was authorized to travel between China and Hong Kong, was not material, because it had no bearing on whether he had permission to enter the United States. Because this document was insufficient to undermine the IJ's finding of removability, the BIA did not abuse its discretion in finding that Huang failed to meet the heavy burden of demonstrating that reopening was warranted. *See Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992).

For the foregoing reasons, the petition for review is DENIED.